# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CAROLINE PLONKA, | |
| Plaintiff, | CIVIL ACTION NO. 3:13-CV-1628 |
| v. | (JUDGE CAPUTO) |
| MARY WEAVER, *et al.*, | (MAGISTRATE JUDGE CARLSON) |
| Defendants. | |

## MEMORANDUM

Presently before the Court is the Report and Recommendation ("R & R") of Magistrate Judge Martin C. Carlson (Doc. 6) and objections filed by Plaintiff Caroline Plonka (Doc. 9). The Magistrate Judge recommends that Plonka's *pro se* Complaint (Doc. 3) be dismissed without prejudice for failure to state a claim. The Court agrees and will adopt the R & R and dismiss the Complaint (Doc. 3) without prejudice.

## BACKGROUND

**A. Factual Background**

Plaintiff Caroline Plonka alleges the following in her *pro se* Complaint (Doc. 3):

In October 2011, Plonka purchased the Starrucca House, a former railroad station and hotel located in Susquehanna, Pennsylvania, with the intent of opening a hotel and railroad museum. In October 2012, she returned to the United States to take possession of the building and temporarily reside in it with her husband and son until renovations were complete. During this period of time, Plonka became acquainted with the Susquehanna Depot Borough Council and Mary Weaver, the Borough's Zoning Officer. Weaver promised Plonka that she would work with her to get the Starrucca House back in working order.

On one occasion in fall 2012, while the Starrucca House was undergoing an electrical

inspection by the Borough's building inspector, Weaver, along with a Borough police officer, forced her way into the building and declared that it was unsafe for human occupancy and condemned. Weaver made this decision after seeing blankets, clothing, and canned food in the building, which had no running water or electricity. Plonka had returned to the country several days before and planned to have the utilities turned on in the building after the electrical inspection. Weaver placed a condemnation notice on the front door of the building and gave the Plonkas forty-eight hours to evacuate the premises; they moved in with a family friend who lived in the Borough and have resided there since November 2, 2012.

On November 26, 2012, following a hearing, the Borough's Zoning Hearing Board accepted Weaver's issuance of a case and desist order against the Plonkas on the grounds that the Plonkas resided at the Starrucca House even though it was not zoned for residential purposes. Plonka appealed the Zoning Hearing Board's decision and had a land use appeal hearing before Susquehanna County Court of Common Pleas President Judge Kenneth Seamans on April 24, 2013. On May 8, 2013, the state court upheld the Zoning Hearing Board's decision and ordered that the Plonkas could not use the Starrucca House as a residence, even though the Plonkas do not reside there.[1] However, the Starrucca House does not fall under the Borough's zoning rules, as it was "grandfathered in" when the zoning rules were made. Plonka was also mislead by Susquehanna County, which led her to believe that the Starrucca House was a commercial property when it was sold to her.

---

[1] On May 28, 2013, the Borough moved for the Susquehanna County Court of Common Pleas to find the Plonkas in contempt of the May 8, 2013 order. Following a hearing, the Borough's motion was granted on July 18, 2013. President Judge Seamans found the Plonkas to be in indirect civil contempt and allowed any law enforcement officer to remove them from the Starrucca House if it appeared that they were residing in it after August 21, 2013.

2

Weaver has stalked, harassed, and terrorized the Plonkas on a daily basis. Although the Plonkas have asked the Borough police several times to intervene, they were turned away and called Nazis. Also, the denial of Plonka's land use appeal by the Susquehanna County Court of Common Pleas is another instance of unfair treatment by the court. Plonka's husband was framed, charged with a false crime, and sentenced to prison by the court thirteen years ago; he was deported after serving his sentence. Plonka believes that the Susquehanna County District Attorney, who Plonka is opposing in another matter, is behind this concerted behavior against her family. She has no choice but to appeal the Court of Common Pleas' arbitrary and capricious decision to this Court.

**B. Procedural History**

On June 3, 2013, Plonka instituted this action in the United States District Court for the Eastern District of Pennsylvania (Doc. 1, Ex. 2.); it was later transferred to this Court on June 18, 2013. Plonka, who identifies herself as "appellant," asserts that the Court has federal question jurisdiction over her land use appeal. (Doc. 1, Ex. 2.) Her Complaint names six defendants: Weaver; the Borough Council; the Borough's Zoning Hearing Board; the Court of Common Pleas of Susquehanna County;[2] and Michael Briechle and Paul Smith, two attorneys involved in the state court matter. (*Id.*) She seeks $250,000.00 in damages from each named defendant, along with an end to the stalking and harassment of her family.

The Magistrate Judge screened Plonka's Complaint pursuant to 28 U.S.C. § 1915[3]

---

[2] Plonka is suing the Borough Council, the Zoning Hearing Board, and the Court of Common Pleas "individually and as a whole."

[3] Complaints filed *in forma pauperis* are subject to Section 1915, which requires the Court to screen and dismiss complaints that, *inter alia*, fail to state a claim upon which relief can be granted. 28 U.S.C. § 1915(e)(2).

3

and recommended on June 18, 2013 that it be dismissed for failure to state a claim upon which relief can be granted. (Doc. 6.) First, the Magistrate Judge recommends that the Court decline to review the state court's land use appeal decision pursuant to the *Rooker–Feldman* doctrine. (*Id.* at 8–11.) Second, the Magistrate Judge recommends that Plonka's claims against the Court of Common Pleas of Susquehanna County be dismissed because such a claim is barred by the Eleventh Amendment. (*Id.* at 11–13.) The Magistrate Judge also recommends that the Court dismiss Plonka's claims against Briechle and Smith because she has not alleged that these private attorneys acted under of state law. (*Id.* at 13–15.) Finally, the Magistrate Judge recommends that the Court dismiss the Complaint without prejudice and give Plonka a final opportunity to correct its deficiencies by filing an Amended Complaint. (*Id.* at 15–16.)

On July 1, 2013, Plonka moved for an extension of time to file objections to the Magistrate Judge's R & R. (Doc. 7.) The Court granted this request the following day and gave her until July 25, 2013 to file her objections. (Doc. 8.) On July 29, 2013, Plonka filed her objections to the R & R.[4] (Doc. 9.) Therefore, the R & R is now ripe for disposition.

---

[4] In her objections, which are styled as an amended complaint, Plonka contends that President Judge Seamans, who denied her motion for reconsideration and found her to be in civil contempt, is violating her civil rights by ignoring the grandfather clause of the Borough's zoning laws and favoring the Borough. (Doc. 9 at 2.) She claims that her home and business are being taken from her in violation of the Fourth Amendment and asks the Court to remove the condemnation notice from the Starrucca Hotel so that her family may continue to reside there beyond August 21, 2013. (*Id.* at 3.) She names no one besides President Judge Seamans and seeks $250,000.00 "from each defendant named individually and as a whole." (*Id.*)

4

**DISCUSSION**

**I. Legal Standard for Reviewing a R & R**

Where objections to the Magistrate Judge's report are filed, the court must conduct a *de novo* review of the contested portions of the report, *Sample v. Diecks*, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989) (citing 28 U.S.C. § 636(b)(1)(c)), provided the objections are both timely and specific, *Goney v. Clark*, 749 F.2d 5, 6–7 (3d Cir. 1984). In making its *de novo* review, the court may accept, reject, or modify, in whole or in part, the factual findings or legal conclusions of the magistrate judge. *See* 28 U.S.C. § 636(b)(1); *Owens v. Beard*, 829 F. Supp. 736, 738 (M.D. Pa. 1993). Although the review is *de novo*, the statute permits the court to rely on the recommendations of the magistrate judge to the extent it deems proper. *See United States v. Raddatz*, 447 U.S. 667, 675–76 (1980); *Goney*, 749 F.2d at 7; *Ball v. United States Parole Comm'n*, 849 F. Supp. 328, 330 (M.D. Pa. 1994). Uncontested portions of the report may be reviewed at a standard determined by the district court. *See Thomas v. Arn*, 474 U.S. 140, 154 (1985); *Goney*, 749 F.2d at 7. At the very least, the court should review uncontested portions for clear error or manifest injustice. *See, e.g., Cruz v. Chater*, 990 F. Supp. 375, 376–77 (M.D. Pa. 1998). As such, the Court reviews the portions of the R & R to which the Plaintiff objects *de novo* and the remainder for clear error.

**II. Analysis**

None of the arguments raised in Plonka's objections respond to any of the Magistrate Judge's recommendations. Instead, as detailed above, Plonka again asks the Court to intervene in her land use appeal and overturn decisions rendered in state court. As the Magistrate Judge correctly noted, the Court cannot do so under the *Rooker–Feldman*

doctrine.[5] As Plonka's objections do not contest the R & R, the Court will not entertain them. Having reviewed the R & R for clear error or manifest injustice and finding none, the Court will adopt the Magistrate Judge's recommendations.

## **CONCLUSION**

For the reasons stated above, the Magistrate Judge's R & R (Doc. 6) will be adopted. Plonka's Complaint (Doc. 3) will be dismissed without prejudice and she will be given one final opportunity to file a single comprehensive amended complaint consistent with this Memorandum and the Magistrate Judge's R & R within twenty-one days.[6] Her failure to do so will result in this action being dismissed with prejudice. This matter will be recommitted to the Magistrate Judge. An appropriate order follows.

August 1, 2013  /s/ A. Richard Caputo
Date  A. Richard Caputo
  United States District Judge

---

[5] "The *Rooker–Feldman* doctrine divests federal courts of jurisdiction 'if the relief requested effectively would reverse a state court decisions or void its ruling.'" *Sullivan v. Linebaugh*, 362 F. App'x 248, 249 (3d Cir. 2010) (quoting *Taliaferro v. Darby Twp. Zoning Bd.*, 458 F.3d 181, 192 (3d Cir. 2006). The doctrine "is confined to . . . cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).

[6] An amended complaint renders the prior complaint a legal nullity. *See Snyder v. Pasack Valley Hosp.*, 303 F.3d 271, 276 (3d Cir. 2002) ("An amended complaint supercedes the original in providing the blueprint for the future course of the lawsuit."). Therefore, Plonka's amended complaint must name all defendants and detail all claims to be brought against those individuals.

6