# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

CAROLINE PLONKA,

    Plaintiff,

    v.

MARY WEAVER, *et al.*,

    Defendants.

CIVIL ACTION NO. 3:13-CV-1628

(JUDGE CAPUTO)

(MAGISTRATE JUDGE CARLSON)

## **MEMORANDUM**

Presently before the Court is Magistrate Judge Carlson's Report and Recommendation (Doc. 38) to Defendants' Motions to Dismiss (Docs. 25 and 26) and Plaintiff Caroline Plonka ("Plonka")'s Motion to Add Additional Defendants (Doc. 21). Named as Defendants in this case are the Borough of Susquehanna, the Susquehanna Borough Council and numerous Council Members, the Susquehanna Zoning Appeal Board ("ZAB") and various ZAB members, solicitors for the Borough of Susquehanna and ZAB, and Zoning Officer Mary Weaver (hereinafter, collectively "Defendants"). Plaintiff Caroline Plonka ("Plonka") contends that over the course of a zoning dispute with Defendants regarding her property, the Starrucca House, her constitutional rights under the Fourth and Fourteenth Amendment were violated, along with her rights under 42 U.S.C. §§ 1981 and 1983. For the reasons that follow, Defendants' motions to dismiss will be denied with respect to Plonka's Fourth Amendment claim against Mary Weaver and granted with respect to all other claims. As such, the claims in the Amended Complaint will be dismissed apart from her Fourth Amendment claim against Mary Weaver. In addition, Plonka's motion to add additional Defendants will be denied.

## **BACKGROUND**

On June 3, 2013, Plonka instituted this action in the United States District Court for the Eastern District of Pennsylvania (Doc. 1, Ex. 2). It was later transferred to this Court on June 18, 2013. Upon initial screening of Plonka's Complaint (Doc. 3), Magistrate Judge Carlson issued a Report and Recommendation ("R&R") recommending that the Complaint be dismissed without prejudice (Doc. 6). The Court adopted this recommendation, and Plonka's Complaint was dismissed with leave to file an Amended Complaint. Accordingly, on August 26, 2013, Plonka filed an Amended Complaint (Doc. 12). In her Amended Complaint she states that the Court is already familiar with the background the case as set forth in her initial Complaint.[1] By way of summary,[2] in October 2011, Plonka purchased the Starrucca House, a former railroad station and hotel located in Susquehanna, Pennsylvania, with the intent of opening a hotel and railroad museum. In October 2012, she returned to

---

[1] Plonka's initial factual allegations set forth in the "Background/Preface" of her Complaint (Doc. 3) are incorporated by reference into the Amended Complaint. Federal Rule of Civil Procedure 10(c) allows a statement in a pleading to be adopted by reference in any other pleading, see Fed. R. Civ. P. 10(c), and "it is well settled that 'an amended complaint supercedes the original version' and renders the original ineffective," *Laughman ex rel Campbell v. Black & Veatch Corp.*, No. 1:09-CV-0695, 2010 WL 4514318 (M.D. Pa. Nov. 2, 2010), "unless the relevant portion is specifically incorporated in the new complaint." *Burhyte v. Fed. Bureau of Prisons*, No. 09-1648, 2009 WL 4729936, at *7 n.2 (D. N.J. Dec. 2, 2009) (emphasis added). Given that Plaintiff is proceeding pro se and her Amended Complaint is entitled to liberal construction, her statement that the Court "is already familiar with the factual background of this case" is interpreted as specifically incorporating the background of the Complaint into the Amended Complaint.

[2] A more detailed version of the background alleged in Plonka's Complaint (Doc. 3) can be found in the Court's August 1, 2013 Memorandum (Doc. 10) adopting the Magistrate's earlier R&R (Doc. 6).

the United States to take possession of the building and to reside there temporarily with her husband and son until renovations were complete. During this period of time, Plonka became acquainted with the Susquehanna Borough Council and Defendant Mary Weaver, the Borough's Zoning Officer. Weaver promised Plonka that she would work with her to get the Starrucca House back in working order.

On one occasion in the fall of 2012, while the Starrucca House was undergoing an electrical inspection by the Borough's building inspector, Weaver, along with a Borough police officer, forced her way into the building and declared that it was unsafe for human occupancy and condemned. Plonka specifically alleges that Ms. Weaver "trespassed upon [Plonka's] property multiple times and even broke into appellants garage and went through appellants belongings as if she were a Police officer with a search warrant." (Doc. 3, 6). Weaver reached her decision after seeing blankets, clothing, and canned food in the building, which had no running water or electricity. Plonka had returned to the country several days before and planned to have the utilities turned on in the building after the electrical inspection. Weaver placed a condemnation notice on the front door of the building and gave the Plonkas forty-eight (48) hours to evacuate the premises; they moved in with a family friend who lived in the Borough and have resided there since November 2, 2012.

Plonka alleges that Defendant Mary Weaver should have set a date with her for an inspection of the building, Weaver's failure to do so violated Plonka's fourteenth amendment rights, and Weaver condemned the building before properly inspecting it. (Doc. 12, 1-3.) Plonka further alleges that Mr. Fred Nemac sent a letter to her with his findings after the electrical inspection stating that temporary electrical power should be turned on to correct the electrical deficiencies and eventually to turn on the water. *Id.* at 2. Ms. Weaver denied

Plonka a permit to do so. *Id.* Plonka hired an electrician after having a new meter box for temporary service installed but Ms. Weaver found out and told the electrician not to give service to Plonka's building. *Id.* The same thing happened with the next electrician Plaintiff hired. *Id.* at 2-3.

While she was abroad, Plonka had hired a caretaker for the building because she was going to be away for an additional year. *Id.* at 3. Ms. Weaver did not try to inspect or condemn the building while Plonka was away, and the Town Council and the Borough waited until Plonka's return to take possession of the property. *Id.* Plonka asserts that this was "clearly a NIMBY case" (where NIMBY stands for "not in my back yard") and that all of the Defendants named in this action "acted under color of state law and are sill acting in concert to keep the German Family out of their 'Boro' and their solicitors are helping them do it." *Id.*

Plonka's Amended Complaint names numerous Defendants in the caption, although most allegations in the body of the Complaint do not identify specific Defendants. She seeks $250,000.00 in damages from each Defendant in addition to $1,000,000 in damages for her pain and suffering. *Id.* at 5. On December 10, 2013, Plonka filed a motion to add new Defendants to the case (Doc. 21). On December 23, 2013, the Defendants moved to dismiss the Amended Complaint (Docs. 25 and 26). The Magistrate Judge recommends that the motions to dismiss be granted and the motion to add new Defendants be denied. On March 10, 2014, Plonka filed Objections to the R & R. (Doc. 39.) Defendant Michael Briechle filed a response to Plonka's Objections (Doc. 40) on March 18, 2014, and the remaining Defendants filed a Brief in Opposition to Plaintiff's Objections (Doc. 41) on March 24, 2014. Therefore, the R & R is now ripe for disposition.

**LEGAL STANDARDS**

**A.     Reviewing a Report and Recommendation**

Where objections to the Magistrate Judge's report are filed, the court must conduct a *de novo* review of the contested portions of the report, *Sample v. Diecks*, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989) (citing 28 U.S.C. § 636(b)(1)(c)), provided the objections are both timely and specific, *Goney v. Clark*, 749 F.2d 5, 6–7 (3d Cir. 1984).  In making its *de novo* review, the court may accept, reject, or modify, in whole or in part, the factual findings or legal conclusions of the magistrate judge.  *See* 28 U.S.C. § 636(b)(1); *Owens v. Beard*, 829 F. Supp. 736, 738 (M.D. Pa. 1993).  Although the review is *de novo*, the statute permits the court to rely on the recommendations of the magistrate judge to the extent it deems proper. *See United States v. Raddatz*, 447 U.S. 667, 675–76 (1980); *Goney*, 749 F.2d at 7; *Ball v. United States Parole Comm'n*, 849 F. Supp. 328, 330 (M.D. Pa. 1994).  Uncontested portions of the report may be reviewed at a standard determined by the district court.  *See Thomas v. Arn*, 474 U.S. 140, 154 (1985); *Goney*, 749 F.2d at 7.  At the very least, the court should review uncontested portions for clear error or manifest injustice.  *See, e.g., Cruz v. Chater*, 990 F. Supp. 375, 376–77 (M.D. Pa. 1998).  As such, the Court reviews the portions of the R & R to which the Plaintiff objects *de novo* and the remainder for clear error.

**B.     Motion to Dismiss**

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or in part, for failure to state a claim upon which relief can be granted.  *See* Fed.R.Civ.P. 12(b)(6). When considering a Rule 12(b)(6) motion, the Court's role is limited to determining if a plaintiff is entitled to offer evidence in support of their claims.  *See*

below

*Semerenko v. Cendant Corp.*, 223 F.3d 165, 173 (3d Cir. 2000). The Court does not consider whether a plaintiff will ultimately prevail. *See id.* A defendant bears the burden of establishing that a plaintiff's complaint fails to state a claim. *See Gould Elecs. v. United States*, 220 F.3d 169, 178 (3d Cir. 2000).

"A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). The statement required by Rule 8(a)(2) must "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007) (per curiam) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). Detailed factual allegations are not required. *Twombly*, 550 U.S. at 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929. However, mere conclusory statements will not do; "a complaint must do more than allege the plaintiff's entitlement to relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). Instead, a complaint must "show" this entitlement by alleging sufficient facts. *Id.* "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1950, 173 L. Ed. 2d 868 (2009). As such, "[t]he touchstone of the pleading standard is plausibility." *Bistrian v. Levi*, 696 F.3d 352, 365 (3d Cir. 2012).

The inquiry at the motion to dismiss stage is "normally broken into three parts: (1) identifying the elements of the claim, (2) reviewing the complaint to strike conclusory allegations, and then (3) looking at the well-pleaded components of the complaint and evaluating whether all of the elements identified in part one of the inquiry are sufficiently

alleged." *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011).

Dismissal is appropriate only if, accepting as true all the facts alleged in the complaint, a plaintiff has not pleaded "enough facts to state a claim to relief that is plausible on its face," *Twombly*, 550 U.S. at 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929, meaning enough factual allegations "'to raise a reasonable expectation that discovery will reveal evidence of'" each necessary element. *Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (quoting *Twombly*, 550 U.S. at 556, 127 S. Ct. 1955, 167 L. Ed. 2d 929). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868. "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 679, 556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868.

In deciding a motion to dismiss, the Court should consider the complaint, exhibits attached to the complaint, and matters of public record. *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010) (citing *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993)). The Court may also consider "undisputedly authentic" documents when the plaintiff's claims are based on the documents and the defendant has attached copies of the documents to the motion to dismiss. *Pension Benefit Guar.*, 998 F.2d at 1196. The Court need not assume the plaintiff can prove facts that were not alleged in the complaint, *see City of Pittsburgh v. W. Penn Power Co.*, 147 F.3d 256, 263 & n. 13 (3d Cir.1998), or credit a complaint's "'bald assertions'" or "'legal conclusions.'" *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) (quoting *In re Burlington Coat Factory*

*Sec. Litig.*, 114 F.3d 1410, 1429–30 (3d Cir. 1997)).

## DISCUSSION

**A.    The Report and Recommendation and Plonka's Objections**

Magistrate Judge Carlson recommends that Defendants' motions to dismiss be granted and Plonka's Motion to add additional defendants be denied.  First, Magistrate Judge Carlson recommends granting the motions to dismiss in their entirety because: (1) the *Rooker-Feldman* Doctrine bars consideration of this case to the extent that Plonka seeks to appeal state court zoning decisions; (2) Plonka's Amended Complaint fails to state any claims of supervisory liability; (3) Plonka may not bring a federal civil rights action against private attorneys who represented parties in the state zoning case; and (4) Plonka has failed to allege a viable substantive due process claim. *See* Doc. 38.  Second, Magistrate Judge Carlson recommends denying Plonka's motion to add additional Defendnats because the proposed amendment would be futile.  *See id*.  Plonka filed Objections to the R&R (Doc. 39) on March 10, 2014 addressing each of these recommendations.  For the reasons that follow, the R&R will be rejected in part, modified in part, and adopted in part.

**B.    The *Rooker-Feldman* Doctrine**

The Magistrate Judge recommends that "[t]he *Rooker-Feldman* Doctrine . . . bars consideration of this case to the extent that Plonka seeks to appeal state court zoning decisions." (Doc. 38, 9).  Under narrow circumstances, "where a federal suit follows a state suit, the *Rooker–Feldman* doctrine prohibits the district court from exercising jurisdiction." *Great Western Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 163-64 (3d Cir. 2010).  This doctrine is confined to "cases brought by state-court losers complaining of

injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 284, 125 S. Ct. 1517, 161 L. Ed. 2d. 454 (2005). The *Rooker-Feldman* doctrine does not prevent the Court's exercise of jurisdiction over this case. The Magistrate Judge's recommendation to the contrary will be rejected.

According to the Third Circuit Court of Appeals, "there are four requirements that must be met for the *Rooker–Feldman* doctrine to apply: (1) the federal plaintiff lost in state court; (2) the plaintiff 'complain[s] of injuries caused by [the] state-court judgments'; (3) those judgments were rendered before the federal suit was filed; and (4) the plaintiff is inviting the district court to review and reject the state judgments." *Great Western Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 166 (citing *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.,* 544 U.S. 280, 284, 125 S. Ct. 1517, 161 L. Ed. 2d 454 (2005)).

As to the second requirement, the Third Circuit instructs that this "may also be thought of as an inquiry into the source of the plaintiff's injury" and that "'when the source of the injury is the defendant's actions (and not the state court judgments), the federal suit is independent, even if it asks the federal court to deny a legal conclusion reached by the state court.'" *Id.* at 166-67 (quoting *Hoblock v. Albany County Board of Elections*, 422 F.3d 77, 87-88 (2d Cir. 2005)). Looking to the source of injury in the case at hand, Plonka complains of various actions taken by Defendant Mary Weaver. For example, Plonka alleges that Weaver failed to set a date for an inspection of the building, interfered with Plonka's arrangements to receive electrical service, and waited until Plaintiff returned from abroad with her family to condemn her property. Plonka also asserts that all the Defendants acted

in concert to keep the "German Family out of 'their Boro.'" (Doc. 12, 3.) From these allegations, it appears that Defendants' actions are the source of Plonka's injuries in this case, and not merely the state-court's judgment finding Plonka and her husband in civil contempt of the court's prior order and enjoining them from using the Starrucca House as a residence.

Additionally, as to the fourth requirement–whether the plaintiff seeks review and rejection of the state-court judgments–in her prayer for relief, Plonka seeks monetary damages from each Defendant as well as relief for pain and suffering, mental anguish, loss of earnings, and "unnecessary monies spent due to the unlawful and unconstitutional behavior of all defendants invovled." (Doc. 12, 5). Without violating *Rooker-Feldman*, if necessary Plonka "may, 'as part of [her] claim for damages,' show 'that the [constitutional] violation caused the [state-court] decision[s] to be adverse to [her] and thus did [her] harm." *Great Western Mining*, 615 F.3d at 173, (citing *Nesses v. Shepard*, 68 F.3d 1003, 1005 (7th Cir. 1995)). Therefore, the Court finds that the *Rooker-Feldman* doctrine does not prevent it from exercising jurisdiction in this case. To the extent that the Magistrate Judge's recommends that the *Rooker-Feldman* doctrine bars consideration of this case, the R&R is rejected.

**C.    Section 1983**

Section 1983 offers private citizens a means to redress violations of federal law committed by state officials. See 42 U.S.C. § 1983. The statute provides, in pertinent part, that:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within

>the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ....

*Id.* Section 1983 does not create substantive rights, instead it provides a method for vindicating violations of the Constitution or other federal laws. *Kneipp v. Tedder*, 95 F.3d 1199, 1204 (3d Cir.1996). To establish a section 1983 claim, a plaintiff must show a deprivation of a "right secured by the Constitution and the laws of the United States ... by a person acting under color of state law." *Kneipp*, 95 F.3d at 1204 (quoting *Mark v. Borough of Hatboro*, 51 F.3d 1137, 1141 (3d Cir.1995)). Here Plonka alleges that Defendants violated her Fourth and Fourteenth Amendment rights as well as 42 U.S.C. § 1981.

### 1. Institutional and Individual Defendants

A municipality may be liable under § 1983 if the governmental body itself "subjects" a person to a deprivation of rights or "causes" a person "to be subjected" to such deprivation. *See Monell v. New York City Dept. of Social Servs.*, 436 U.S. 658, 692, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978). Local governments are only responsible for "their own illegal acts." *Pembaur v. Cincinnati*, 475 U.S. 469, 479, 106 S. Ct. 1292, 1298, 89 L. Ed. 2d 452 (1986) (citing *Monell*, 436 U.S. at 665–683, 106 S. Ct. at 2023–2032). They are not vicariously liable under § 1983 for the actions of their employees. *See id.*, 436 U.S. at 691, 106 S. Ct. at 2036; *Canton v. Harris*, 489 U.S. 378, 392, 109 S. Ct. 1197, 1206, 103 L. Ed. 2d 412 (1989); *Board of Comm'rs of Bryan Cty. v. Brown*, 520 U.S. 397, 403, 117 S. Ct. 1382, 1387–88, 137 L. Ed. 2d 626 (1997) (collecting cases).

A plaintiff seeking to impose liability on local governments under § 1983 must prove that "action pursuant to official municipal policy" caused their injury. *Monell*, 436 U.S. at 691,

694, 98 S. Ct. at 2037.  "Official municipal policy includes the decisions of a government's lawmakers, the acts of its policymaking officials, and practices so persistent and widespread as to practically have the force of law." *Connick v. Thompson*, 131 S. Ct. 1350, 1359, 179 L. Ed. 2d 417 (2011) (citations omitted.)  These are "action[s] for which the municipality is actually responsible." *Pembaur*, 475 U.S. at 479–480, 106 S. Ct. at 1298–99.  Here, the Amended Complaint is devoid of any factual allegations describing any policy or persistent practice designed to infringe upon the Plonka's rights.  Therefore, Plonka's claims against the institutional Defendants will be dismissed.

With respect to individual defendants, under section 1983, a plaintiff must show "that each and every defendant was "personal[ly] involve[d]" in depriving [her] of [her] rights." *Kirk v. Roan*, No. 04-CV-1990, 2006 WL 2645154, at * 3 (M.D. Pa. Sept. 14, 2006) (citing *Evancho v. Fischer*, 423 F.3d 347, 353 (3d Cir.2005)).  "It is uncontested that a government official is liable only for his or her own conduct and accordingly must have had some sort of personal involvement in the alleged unconstitutional conduct." *Argueta v. U.S. I.C.E.*, 643 F.3d 60, 71–72 (3d Cir. 2011).  Personal involvement can be shown where a defendant personally directs the wrongs, or has actual knowledge of the wrongs and acquiesces in them.  *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207(3d Cir. 1988); *A.M. ex rel. J.M.K. v. Luzerne Cnty. Juvenile Det. Ctr.*, 372 F.3d 572, 586 (3d Cir. 2004) (noting that "a supervisor may be personally liable under § 1983 if he or she participated in violating the plaintiff's rights, directed others to violate them, or, as the person in charge, had knowledge of and acquiesced in his subordinates' violations").  A defendant "cannot be held responsible for a constitutional violation which he or she neither participated in nor approved." *C.H. ex rel. Z.H. v. Oliva*, 226 F.3d 198, 201–202 (3d Cir. 2000).

12

In the instant case, apart from Mary Weaver, Plonka fails to allege that the other individual Defendants were personally involved in the conduct complained of. While the Amended Complaint states that "each individual named as a defendant in this case did and still does act under color of state law" and that "all of the defendants named in this action acted under color of state law and are still acting in concert," these conclusory allegations are insufficient to state claims against these Defendants in their individual capacities. (Doc. 12, 2-3.) *See also Hudson v. McKeesport Police Chief*, 244 F. App'x 519, 522 (3d Cir. 2007) (affirming dismissal of defendant who was only named in caption of case.) As such, apart from Mary Weaver, Plonka's claims against the individual Defendnats will be dismissed.

### 2. Claims Against the "Solicitors"

In response to the Magistrate Judge's recommendation that Plonka may not bring a federal civil rights action against private attorneys who represented parties in the state zoning case, Plonka asserts that "the attorneys are just as guilty because they should know better." (Doc. 39, 15). As noted above, Plonka's Amended Complaint alleges that "[a]ll of the defendants named in this action acted under color of state law and are still acting in concert to keep the German Family out of 'their Boro'; and their solicitors are helping them to do it therefore they too are involved in a hate crime in violation of 1981 and 1983 as they all are amendment [sic] 4 and 14." (Doc. 12, 3.)

As noted above, "Section 1983 provides a remedy for deprivations of federally protected rights caused by persons acting under color of state law. The two essential elements of a § 1983 action are: (1) whether the conduct complained of was committed by a person acting under color of state law; and (2) whether this conduct deprived a person of a federally protected right." *Boykin v. Bloomsburg Univ. of Pennsylvania*, 893 F. Supp. 409,

416 (M.D. Pa. 1995) *aff'd*, 91 F.3d 122 (3d Cir. 1996).  An attorney does not become a state actor "for purposes of § 1983 merely because he or she is licensed by the state, engaged in a 'highly regulated profession,' or [is] an officer of the court." *Willis v. Carrol Tp.*, No. 07-cv-0949, 2008 WL 644762, at *5 (M.D. Pa. Mar. 5, 2008) (citing *Henderson v. Fisher*, 631 F.2d 1115, 1119 (3d Cir.1980)).  However, an attorney may become a state actor under three exceptional circumstances: "(1) by acting as a state official, (2) by 'conspiring with a state official to deprive a person of his or her constitutional rights,' or (3) by engaging in some action that is 'by its nature, chargeable to the state.'" *Id.* (citing *Angelico v. Lehigh Valley Hosp., Inc.*, 184 F.3d 268, 277 (3d Cir.1999), *Pellegrino Food Prods. Co., Inc. v. City of Warren*, 136 F. Supp. 2d 391, 409 (W.D. Pa. 2000)) (internal citations omitted).  With respect to the second exception, to state a section 1983 conspiracy claim, "a plaintiff must set forth 'factual allegations of combination, agreement, or understanding among all or between any of the defendants [or co-conspirators] to plot, plan, or conspire to carry out the alleged chain of events.'" *Pellegrino Food Prods.,* 136 F. Supp. 2d at 409 (citing *Hammond v. Creative Financial Planning Org. Inc.*, 800 F. Supp. 1244, 1249 (E.D.Pa.1992)).

Here, Plonka has failed to adequately allege that the "solicitors" satisfy the state action requirement.  Although she contends that the solicitors acted "in concert with the defendants," (Doc. 12, 1) this conclusory allegation does not amount to an allegation of a combination or agreement among Defendants to plot and carry out a plan.  Therefore, Plonka fails to sufficiently allege that the solicitors qualify as state actors.  The Magistrate Judge's recommendation that the claims against the "solicitors" be dismissed will be adopted.

### 3.     Fourteenth Amendment Substantive Due Process Claim

The Fourteenth Amendment provides, in part, that "no State [shall] deprive any person of life, liberty, or property without due process of law...." U.S. Const. Amend. XIV, § 1. As to the Magistrate Judge's recommendation that Plonka has failed to state a viable substantive due process claim, she alleges in her Objections that she "has shown this" without any further explanation (Doc. 38,¶ 18). In the context of municipal land use decisions, to establish a viable substantive due process claim "a plaintiff must show: (1) a fundamental property interest protected by the Fourteenth Amendment; and (2) that the deprivation alleged resulted from government action that "may fairly be said to shock the contemporary conscience." *Southersby Dev. Corp. v. Borough of Jefferson Hills*, No. 09-208, 2010 WL 1576465 (W.D. Pa. Apr. 20, 2010) (citing *Desi's Pizza, Inc. v. City of Wilkes–Barre,* 321 F.3d 411, 426–27 (3d Cir. 2003)). In this context, "[i]t is undisputed that the Plaintiff's ownership of real property satisfies the first element." *Id.* (citing *DeBlasio v. Zoning Bd. of Adjustment for Twp. of W. Amwell*, 53 F.3d 592, 600 (3d Cir.1995) *abrogated on other grounds by United Artists Theatre Circuit, Inc. v. Twp. of Warrington*, 316 F.3d 392 (3d Cir. 2003)). Looking to the second element, the "shocks the conscience" test, the Third Circuit has stated that "this test is designed to avoid converting federal courts into super zoning tribunals" and that "[w]hat 'shocks the conscience' is 'only the most egregious official conduct.'" *Eichenlaub v. Township of Indiana*, 385 F.3d 274, 285 (3d Cir. 2004) (citing *United Artists Theatre Circuit, Inc. v. Township of Warrington*, 316 F.3d 392, 399 (3d Cir. 2003)). Here, as the Magistrate Judge explains, Plonka's Amended Complaint fails to allege conduct that "shocks the conscience." Plonka asserts that Mary Weaver failed to set a date for an inspection of the building and failed to provide a list of code violations to Plonka (Doc.

12, 2). Plonka also alleges that the building was condemned without expert opinions and that Weaver denied her a permit to temporarily turn on electrical power and water. *Id.* at 2. Such allegations do not rise to the level of "most egregious official conduct" that "shocks the conscience." Therefore, the Court will adopt the Magistrate Judge's recommendation that Plonka's substantive due process claim be dismissed.

### 2. Fourth Amendment Claim

The Fourth Amendment to the United States Constitution protects against "unreasonable searches and seizures." U.S. Const. amend. IV. "Administrative searches, such as for code and zoning enforcement, can constitute 'significant intrusions upon the interests protected by the Fourth Amendment . . . .'" *Lease v. Fishel*, No. 07-cv-0003, 2010 WL 1390607, at *7 (M.D. Pa. Mar. 31, 2010)(citing *Camara v. Mun.Court of City and County of San Francisco*, 387 U.S. 523, 534, 87 S. Ct. 1727, 18 L. Ed.2d 930 (1967)). The threshold inquiry for such a claim is whether the government's conduct amounted to a "search." *Id.* (citing *United States v. Hartwell*, 436 F.3d 174, 177 (3d Cir. 2006)). A search occurs for Fourth Amendment purposes when "the government violates a subjective expectation of privacy that society recognizes as reasonable." *Kyllo v. United States*, 533 U.S. 27, 33, 121 S. Ct. 2038, 150 L. Ed. 2d 94 (2001) (citing *Katz v. United States*, 389 U.S. 347, 361, 88 S. Ct. 507, 19 L. Ed. 2d 576 (1967) (Harlan, J., concurring)).

Here, Plonka's allegation in her Complaint that "Weaver trespassed upon [Plonka's] property multiple times and even broke into appellants garage and went through appellants belongings as if she were a Police officer with a search warrant" (Doc. 3, 6) survives Defendants' motions to dismiss. Therefore, Plonka's claim for a violation of her Fourth Amendment rights may proceed against Defendant Mary Weaver. However, this claim will

be dismissed with respect to the other Defendants, as noted above.

### 3. Section 1981

Section 1981(a) of title 42 of the United States Code states:

> All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens. . . .

42 U.S.C. § 1981.[3]

"To state a valid claim under § 1981, a plaintiff must show (1) that he or she is a member of a racial minority, (2) intent to discriminate on the basis of race by the defendant, and (3) discrimination concerning one or more of the activities enumerated in the statute, which includes the right to make and enforce contracts." *Stein v. City of Philadelphia*, No. 13-4644, 2013 WL 6408384, (E.D. Pa. Dec. 5, 2013) (citing *Brown v. Philip Morris, Inc.*, 250 F.3d 789, 797 (3d Cir.2001)).

In this case Plonka fails to sufficiently allege intentional discrimination on behalf of Defendants. "Intent may be demonstrated through disparate impact, departures from procedural norms, a history of discriminatory actions, and other relevant facts . . . . Conclusory allegations of generalized racial bias do not establish discriminatory intent." *Flagg v. Control Data,* 806 F.Supp. 1218, 1223 (E.D. Pa 1992) (citing *Village of Arlington Heights v. Metropolitan Hous. Dev. Corp.*, 429 U.S. 252, 264–68, 97 S. Ct. 555, 562–65, 50 L. Ed. 2d 450 (1977)). In her Amended Complaint Plonka states that all Defendants acted

---

[3] The Third Circuit Court of Appeals has held that "[t]he express cause of action for damages created by § 1983 constitutes the exclusive federal remedy for violation of the rights guaranteed in § 1981 by state governmental units." *McGovern v. City of Phila.*, 554 F.3d 114, 120–21 (3d Cir. 2009).

in concert "to keep the German family out of 'their Boro.'" Apart from this conclusory statement, Plonka does not plead facts that demonstrate that any Defendant intended to discriminate against her and her family on the basis of race. Therefore, Plonka's section 1981 claim will be dismissed.

**B.     Plonka's Motion to Add Defendants**

The decision of whether to permit a supplemental pleading, such as allowing Plonka to add Defendants, is within the sound discretion of the Court. *See Nottingham v. Peoria*, 709 F.Supp. 542, 544 (M.D. Pa.1988). "Among the grounds that could justify a denial of leave to amend are undue delay, bad faith, dilatory motive, prejudice, and futility." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997) (citing *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962)).

The Magistrate Judge recommends denying Plonka's motion to add Defendants because amendment it would be futile.[4] In her Objections, Plonka states that "plaintiff never delayed in answering any of the Court's requests and flaws had been corrected immediately." Given the fact that Plonka has already been afforded an opportunity to amend her Complaint, the Court will adopt the Magistrate Judge's recommendation that adding additional Defendants at this point would be futile. Therefore, Plonka's motion will be denied.

**CONCLUSION**

For the reasons stated above, the Magistrate Judge's R & R (Doc. 38) will be rejected

---

[4]     As an initial matter, the Magistrate Judge recommends that Plonka's motion to add Defendants fails because it was not supported with a brief "as required by the Local Rules." (Doc. 38, 20).

in part, modified in part, and adopted in part.  Defendants' motions to dismiss will be granted in part and denied in part.  Plonka's Amended Complaint (Doc. 39) will be dismissed with the exception of her claim for violation of her Fourth Amendment rights against Mary Weaver.  Plonka's Motion to add new Defendants (Doc. 21) will be denied.

    An appropriate Order follows.


April 21, 2014                              /s/ A. Richard Caputo
Date                                        A. Richard Caputo
                                            United States District Judge